UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CARL SEARS JR.,

    Plaintiff,

v.

HEIDI WASHINGTON et al.,

    Defendants.
_____/

Case No. 1:22-cv-11605

Honorable Thomas L. Ludington
United States District Judge

**OPINION AND ORDER DISMISSING COMPLAINT WITH PREJUDICE, DENYING PETITIONER'S MOTION FOR COUNSEL AS MOOT, AND DENYING CERTIFICATE OF APPEALIBILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

In February 2022, Plaintiff Carl Sears Jr., a prisoner at the G. Robert Cotton Correctional Facility in Jackson, Michigan, was placed in segregation for possessing a weapon and committing assault and battery. In July 2022, he filed a *pro se* civil-rights complaint under 42 U.S.C. § 1983 against three Michigan Department of Corrections (MDOC) employees. He alleges his right to be free from cruel and unusual punishment was violated when he was placed in segregation.

But Plaintiff has failed to state a claim upon which relief may be granted. Therefore, his Complaint will be dismissed with prejudice.

**I.**

On February 28, 2022, Plaintiff was placed in segregation after he was found guilty of possessing of a weapon and committing assault and battery resulting in serious physical injury. ECF No. 1 at PageID.35. Plaintiff sued under § 1983 in July 2022, seeking monetary and injunctive relief against Defendants Tiffani Kisor, Noah Nagy, and Heidi Washington, arguing they violated the Eighth Amendment by holding him in segregation "for months, without haircuts, personal hygienic items, [and] without having [his] nails clipped," *id.* at PageID.7, while he awaited transfer

to a new facility that could "meet [his] protection or physical/mental health needs," *id.* at PageID.35. Plaintiff was transferred to a different facility on August 26, 2022. *See* ECF No. 8.

## II.

Courts must *sua sponte* dismiss an *in forma pauperis* complaint before service upon a defendant if the case is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c). A complaint is frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Although construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), *pro se* civil-rights complaints must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought," FED. R. CIV. P. 8(a)(2), (3). These allegations "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). To that end, Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). So mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a plausible civil-rights claim under 42 U.S.C. § 1983, plaintiffs must allege (1) they were deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364

(6th Cir. 2009). The plaintiff must also demonstrate that the deprivation of rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986) (holding that "lack of due care by prison officials" is insufficient); *Daniels v. Williams*, 474 U.S. 327, 333–36 (1986) (limiting the protection of due process to "deliberate decisions" (collecting cases)).

### III.

### A.

Plaintiff alleges Defendants violated his Eighth Amendment right from cruel and unusual punishment by housing him in segregation without nail clippers or haircuts, causing him severe stress and anxiety. ECF No. 1 at PageID.7. But those acts do not violate the Eighth Amendment.

"[T]he Eighth Amendment prohibits punishments which, []though not physically barbarous, 'involve the unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citation and quotation marks omitted). The objective component of an Eighth Amendment claim requires a "sufficiently serious" harm that denies the prisoner of "the minimal civilized measure of life's necessities," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted), as defined by contemporary standards of decency, *see Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004) (citation omitted). The subjective component of an Eighth Amendment claim requires the prison official's "deliberate indifference" to the plaintiff's serious medical needs. *Farmer,* 511 U.S. at 837 ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").

Plaintiff's stint in segregation does not violate the Eighth Amendment. *See Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) ("[P]lacement in segregation is a routine discomfort." (citation omitted)).

Denying a shave and a haircut also "falls far short" of a constitutional violation. *Stevenson v. Lubbock Cnty. Sheriff's Dep't*, 3 F.3d 440 (5th Cir. 1993) (per curiam) (unpublished) ("Conditions of confinement that merely cause discomfort or inconvenience are not constitutionally proscribed."); *accord Alexander v. Cnty. of Macomb*, No. 07-14740, 2009 WL 260484, at *6 (E.D. Mich. Feb. 3, 2009) (citation omitted); *cf. Evans v. Vinson*, 427 F. App'x 437, 443 (6th Cir. 2011) (unpublished) (holding that "a strip search, haircut, and shave upon [a prisoner's] entry into administrative segregation" does not violate the Eighth Amendment).

Similarly, without physical harm or impeding his ability to function, Plaintiff's lack of nail clippers did not deny him "life's necessities." *Farmer*, 511 U.S. at 834; s*ee also Est. of DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1343 (10th Cir. 2007) (finding denial of access to nail clippers for more than a year did not violate the Eighth Amendment); *Ivory v. Bastian*, No. 2:10-CV-299, 2011 WL 766531, at *6 (W.D. Mich. Feb. 25, 2011) (same for two-day denial).

And Plaintiff's Eighth Amendment claims fail because he has not alleged a physical injury—only emotional ones. 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.").

Because Plaintiff's alleged conditions of confinement do not offend "contemporary standards of decency," he "fail[s] to state claims upon which relief can be granted." *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

**B.**

And it is well established that a civil rights plaintiff must allege the defendant's personal involvement under § 1983 because liability may not be based on a theory of *respondeat superior*

or vicarious liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–92 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution.").

Plaintiff does not allege that Washington or Nagy engaged in any "active unconstitutional behavior" greater than a "mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *see* ECF No. 1 at PageID.7 ("Tiffani Kisor, Warden Noah Nagy, and Director Heidi Washington . . . ignored me or laughed in my face and lied to me."). Thus, neither Washington nor Nagy may be liable by attributing the conduct of Kisor. Nor would there be a reasonable basis to do so. *See* Matthew N. Preston II, *The Tweet Test: Attributing Presidential Intent to Agency Action*, 10 BELMONT L. REV. 1, 32, 35 (2022) (attributing a person's statement to an agency "only if reasonable to do so").

Therefore, he has not stated a claim against them upon which relief may be granted under 42 U.S.C. § 1983. Consequently, his Complaint, ECF No. 1, will be dismissed under 28 U.S.C. § 1915(e)(2), and his motion to appoint counsel, ECF No. 6, will be denied as moot.

### C.

Finally, Plaintiff may not appeal *in forma pauperis*, because an appeal from this Order would be frivolous and not taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

### IV.

Accordingly, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

Further, it is **ORDERED** that Plaintiff's Motion to Appoint Counsel, ECF No. 6, is **DENIED AS MOOT**.

Further, it is **ORDERED** that Plaintiff is **DENIED** a certificate of appealability and leave to appeal *in forma pauperis*.

Dated: February 8, 2023            <u>s/Thomas L. Ludington</u>
                                   THOMAS L. LUDINGTON
                                   United States District Judge